**In re FIRST NAT. BANK OF ROODHOUSE.**

**No. 1903.**

District Court, S. D. Illinois, S. D.

Feb. 13, 1936.

Coyle & McDonald, of Carrollton, Ill., for petitioner.

BRIGGLE, District Judge.

Petitioner here, as receiver of the defunct First National Bank of Roodhouse, invites the court's approval of his proposed sale of a certain piece of real estate located in the city of Roodhouse, Ill., and constituting one of the assets of his trust. The court is obliged to withhold such approval; and, in view of the similarity of this petition with many others being presented in like proceedings, deems it advisable to formally record its reasons for so doing.

The petition recites that the First National Bank of Roodhouse was a national banking association, and that petitioner is the duly appointed, qualified, and acting receiver thereof and in possession of its assets, pursuant to the provisions of section 5234 of the Revised Statutes of the United States (12 U.S.C.A. § 192); that this court had by a previous order assumed jurisdiction over the administration of such trust; that a certain described piece of real estate which petitioner identifies as asset No. 310 is a part of the assets of such trust estate; that one C. J. O'Connor has offered to pay the petitioner the sum of $1,950 in cash for said premises and petitioner "feels" that such offer represents the present, fair, market value of said premises and is the largest amount that could be obtained therefor during the contemplated existence of the trust, and that it would be for the best interest of the trust, the depositors, creditors, and shareholders that he be authorized to accept such offer and consummate the sale. Petitioner recites that he had previously requested the Comptroller of the Currency for such authority and attaches to his petition as Exhibit A what he says is a true copy of a letter from the Comptroller approving such sale.

Exhibit A purports to be a copy of a letter from the Deputy Comptroller of the Currency, authorizing the receiver to petition a court of competent jurisdiction for authority to consummate such sale upon certain conditions therein expressed. The letter also purports to recite some of the facts that moved the Comptroller to grant the receiver such authority.

The petition is verified and the foregoing recitals of the petition are all of the material allegations contained therein.

Section 5234 of the United States Revised Statutes relates to the appointment by the Comptroller of the Currency of receivers for National Banking Associations, and in so far as here material, provides that " * * * such receiver, under the direction of the Comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound

all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such association, on such terms as the court shall direct * * *."

It will thus be seen that while Congress has, in many respects, vested in the Comptroller of the Currency power uncontrolled over the affairs of national banks, it has seen fit, in the matter of compounding debts and the sale of the assets of a defunct bank, to place a double check upon the Comptroller's receiver by requiring him to obtain an order from a court of competent jurisdiction. Surely it was not contemplated by Congress that the courts should, in the performance of the duty thus imposed by statute upon them, merely, upon a recommendation of the Comptroller or Receiver, add a perfunctory, rubber stamp approval of the acts of the Comptroller and his receiver. If the statute means anything, it contemplates that a judicial discretion is vested in the courts to approve or disapprove, within the compass of the statute, the acts of the receiver. It contemplates that the court's jurisdiction will be invoked by a petition with a showing of facts upon which the court may be in a position to form a judgment of whether the contemplated act of the receiver is or is not for the best interests of the trust estate.

The Court will not undertake to prescribe the form which the petition shall take or the manner in which this showing may be made, but it must be bottomed upon fact allegations from which, if true, the court may intelligently act. It is entirely conceivable that these allegations may be supported by the affidavit of the petitioner, by the affidavits of others, by the testimony of witnesses, by the introduction or attachment to the petition of documentary proof or by other appropriate means at hand by which any fact allegation may be properly substantiated before a court. No reason appears why the receiver himself may not testify in person or by affidavit of any fact which the petition avers and of which he is competent to speak, and the court will weigh his evidence by the same rules as it would weigh the evidence of any other witness, but for the receiver merely to express an opinion to the court, unsupported by verified and appropriate allegations of fact, forms no proper basis for the court to exercise the discretion lodged in it.

The petition under consideration merely avers that an offer has been made and petitioner "feels" that it expresses the fair, market value of the property, is in the best interest of the trust, has the approval of the Comptroller, and should be accepted. The petitioner does not even essay to furnish the court with the information that he apparently laid before the Comptroller that moved the Comptroller to give his approval to the sale. In effect, he informs the court that he has negotiated a sale which in his judgment is proper, that the Comptroller agrees, and in order to comply with the statute will the court please give its rubber stamp approval. The statute contemplates no such perfunctory disposition by the court of its duty, and it is of little moment that in the instant case the court has the highest confidence in the judgment and integrity of both the receiver and his counsel.

The court is called upon to exercise its judgment in a matter involving the judgment of the receiver, and there should be a fact basis for the exercise of such judgment independent of the receiver's opinion of his own conduct. The court will only assume, in the absence of any evidence, that the receiver and the Comptroller are actuated by proper motives and believe their conduct justified, but if the court undertakes to act solely upon such assumption it will be remiss in its duty, and the intention of Congress to surround the receivership with a double check, will be thwarted.

Petitions for orders of this character are ordinarily ex parte matters which is an added reason why counsel should give extraordinary care to their preparation; if this were an adversary proceeding, the present petition would undoubtedly be challenged by a demurrer or a motion to dismiss.

The prayer of the petition is denied, but without prejudice to the receiver to present a proper petition.

In view of the large number of national bank receiverships pending in this court, and in view of the tendency on the part of receivers and their attorneys to present petitions similar to the one here under consideration, it is ordered that the clerk of this court furnish to each bank receiver and his attorney of record in all cases pending in both divisions of this district, a copy of this opinion.